## JOHN McKEE *v.* JAMES P. LAND.

**Partnership—Payment of Individual Debts with Partnership Funds— Knowledge by Other Partner—Estoppel to Recover.**

Where one partner pays his individual debts with partnership fund, the other having knowledge of the fact, is thereby estoppel to recover of the individual creditor the amount so paid.

January 19, 1872.

### APPEAL FROM HARRISON CIRCUIT COURT.

OPINION BY JUDGE PRYOR:

The questions involved in the present appeal are identical with those already decided in the case of *Land v. Land.* The opinion of this court in that case determines the rights of the appellant as between himself and the individual creditors of C. G. Land. C. G. Land, the alleged partner of the appellee, had been merchandising in Cynthiana some time previous to the formation of the partnership that they say was formed in the year 1865. The money, or the greater part of it, for which the notes of C. G. Land were executed to the appellant, was used by the former in purchasing his stock of goods. After this money had been so invested the appellee (his brother) entered into a written agreement of partnership with him. The brother living in a distant county employed an agent by the name of Cosby to attend to his interest in the store, or to use the language of the witness for the appellee, "he employed Mr. Cosby to attend to the business for him." C. G. Land, from the date of the agreement of partnership in 1865, used and disposed of the assets of this firm in buying lots, making improvements thereon for his individual purposes; borrowing money in his own name and entering it upon the books of the firm to his credit; using this money in replenishing his stock of goods, and in fact conducted in every way this store as if he were the sole owner of the establishment. Nearly all of these business transactions showing the application by him of the partnership assets to his individual purposes, and entered upon the books of the firm, and no one so far as this proof shows, living in the vicinity of this store, had any knowledge of the existence of this partnership except C. G. Land, Cosby and the appellee. It is

true the sign over the door was that of C. G. Land & Co., but the actual business transactions connected with the sale and purchase of goods with the customers, and the everyday business of the house as conducted by C. G. Land, were all evidence conducing strongly to show that C. G. Land was the owner of the establishment, but conceding that he was not, and that the creditors all knew that the appellee was his partner, and still the appellee has no equity as against these creditors. The appellee, by his agent Cosby, who was placed there by the appellee to protect his interest and to act for him, saw the partnership assets applied to the payment of C. G. Land's individual debts from 1865 to 1868. It was an everyday transaction, and the evidence of the action of C. G. Land in this regard was entered upon the firm books and the agent Cosby must have known all about it, and in fact C. G. Land, appellee's witness, swears "that Cosby was cognizant all the time of what was going on." In view of all these facts the appellee comes into a court of equity and seeks to recover back this money paid the individual creditors, for the reason that the creditors knew that it was a misapplication of the funds, or at least that he himself was entirely ignorant of what was going on. If A stands by and sees B sell his property to C and asserts no claim to it in any way, A is estopped therefore from recovering it from C.

In this case the appellee permitted this partnership property to be used by his brother as he pleased for a period of two years. He knew all about it; his agent was there in person attending to it by his direction and employment, and we are constrained to believe that the appellee himself sanctioned it, and we again remark—that it is a little strange that the appellee made no discovery of the conversion of these partnership effects by his brother until his bankruptcy. Nor is the appellant precluded by the pleadings in this case from relying upon the facts proven as a defense. He denies in substance that the partnership existed, or that he knew of its existence; he denies that partnership monies or effects were paid him by C. G. Land, thus placing the burden of proof on the appellee, by which he is required to make out a case entitling him to recover. The failure to deny the allegation, made in the petition that "he the plaintiff had no knowledge of the misapplication of the partner-

ship funds," does not preclude the appellant from proving such knowledge on his part. If the petition had stated—that appellant knew that these goods and monies were partnership property, and that C. G. Land had no authority to appropriate the partnership property, then a failure on the part of appellant to make denial would estop him from relying on this defense. We think the denial of the answer is sufficient. The judgment is reversed and cause remanded with directions to sustain the exceptions to the report of the commissioner so far as the claim of $349 with interest is allowed as against the appellant and for further proceedings consistent with this opinion.

*John T. McClutock, for appellant.*

*J. Q. Ward, for appellee.*